IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBORAH CARR, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:08cv147-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION**

**I.  Introduction**

The plaintiff, Deborah Carr ("Carr"), applied for disability insurance benefits pursuant to 42 U.S.C. § 401, *et seq.*, and supplemental security income benefits pursuant to Title XVI, 42 U.S.C. § 1381, *et seq.*, alleging that she was unable to work because of a disability.  Her application was denied at the initial administrative level.  Carr then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C. § 405(g) and § 1631(c)(3).  Pursuant

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to entry of final judgment by the United States Magistrate Judge. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. § 404.1520, §416.920.

> (1)  Is the person presently unemployed?
> (2)  Is the person's impairment severe?
> (3)  Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)  Is the person unable to perform his or her former occupation?
> (5)  Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. Administrative Proceedings

Carr was 50 years old at the time of the hearing before the ALJ. (R. 469-70.) She completed high school. (R. 470). Carr's prior work experience includes working as a food server, food service worker, retail cashier, short order cook, convenience store cashier, and

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

3

order selector/picker. (R. 22.) Carr alleges that she became disabled on July 1, 2000, due to high blood pressure, heart failure, kidney failure, kidney stones, and stomach pain. (R. 54, 69-70). Following the hearing, the ALJ concluded that Carr suffers from severe impairments of "coronary artery disease, gastroesophageal reflux disease, obesity, right epicondylitis, malingering psychological and memory problems, dysthymic disorder, hypertension, and history of recurrent kidney stones." (R. 20). Next, the ALJ determined that Carr has the residual functional capacity

> to sit for 1 hour without interruption and for 6 hours during an eight-hour workday; stand for 1 hour without interruption and for 6 hours during an eight-hour workday; walk for 1 hour without interruption and for 6 hours during an eight-hour workday; frequently lift, carry, push, and pull up to 10 pounds; occasionally lift, carry, push, and pull up to 20 pounds; use the hands individually or in combination for simple grasping and fine manipulation; occasionally use the feet individually or in combination for repetitive movements such as operating foot controls or push and pull; occasionally bend, stoop, crawl, climb stairs, crouch, kneel, and balance; never climb ladders, ropes, or scaffolds; and never work at activities involving unprotected heights, and perform no more than occasional reaching above shoulder level with the right upper extremity, while experiencing occasional episodes of mild to moderate pain. Any work performed by Claimant must not require concentrated or excessive exposure to pulmonary irritants. Such work must be simple, unskilled, repetitive, routine, and low stress in nature. This work must require the exercise of little independent judgment and any changes must be of a routine nature, with no multiple or rapid changes. Such work must be performed primarily alone, non-responsible in nature, and contact with the general public must be brief and superficial.

(R. 21). Relying on the testimony of a vocational expert, the ALJ concluded that Carr is capable of performing her past relevant work, and thus, she is not disabled. (R. 22-23).

### IV. Discussion

Carr's sole contention is that the ALJ failed to fulfill the requirements of Social Security Ruling ("SSR") 82-62 when determining that she is able to return to her past relevant work. Carr's argument is as follows.

> The ALJ erred by not fulfilling the requirements of SSR 82-62 by failing to fully develop the evidence regarding the physical and mental demands of the claimant's past relevant work and by failing to provide the detailed analysis and explanation in connection with his finding that the claimant's residual RFC indicated that the claimant was capable of performing her past relevant work. The ALJ must fulfill the requirements of SSR 82-62 in determining that the claimant is capable of performing her past relevant work. *Davison v. Halter*, 171 F. Supp. 2d 1282, 1285 (S.D. Ala. 2001); *Bruet v. Barnhart*, 313 F. Supp. 2d 1338, 1346-47 (M.D. Fla. 2004). A proper determination of whether the claimant's RFC will allow the claimant to perform past relevant work must include a detailed description of the requirements of the past relevant work. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987).

(Doc. # 12, Pl's Br. at 2-3).

While SSR 82-62 requires, in cases involving a mental or physical impairment, that care "be taken to obtain a precise description of the particular job duties" at issue, the ruling only requires that sufficient documentation be obtained "to permit a decision as to the individual's ability to return to such past work." Although Carr relies on SSR 82-62 to assert that the ALJ erred in failing to fully develop the evidence or provide detailed analysis with respect to his finding that she is able to return to her past relevant work, she points to nothing in the record indicating which requirements of her past relevant work she is unable to perform.

While the Eleventh Circuit has not addressed this issue, the Tenth Circuit has held that

the ALJ errs when he fails to make the requisite findings of fact at Step 4 of the sequential analysis pursuant to SSR 82-62.  *See McIntire v. Apfel*, 134 F.3d 383 (10th Cir. 1998); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996).[4]  The court declines to adopt the Tenth Circuit's reasoning because the plaintiff's burden of proof in the Tenth Circuit differs significantly from this Circuit.  In this circuit, the law is clearly established that it is the plaintiff's responsibility to demonstrate an inability to return to her past relevant work.  *Lucas v. Sullivan* 918 F.2d 1567 (11th Cir. 1990).

During the hearing, the ALJ questioned both a medical expert and vocational expert.  The medical expert testified that Carr suffers from hypertension, kidney stones, gastroesophageal reflux disease and gastritis, coronary artery disease, and epicondylitis (tennis elbow).  (R. 491-93).  While the medical expert testified that Carr did not meet or equal any of the listings, he testified that "she is impaired and that her residual functional capacity would be for light work."  (R. 493).  A review of the medical records is consistent with the opinion expressed by the medical expert regarding plaintiff's ability to work.  For example, the plaintiff underwent a consultative physical examination on December 7, 2002.  (R. 193-99).  Based on his physical evaluation of the plaintiff, Dr. Ramirez opined that Carr could be expected to stand and walk six hours in an eight hour workday.  (R. 199).  He further opined

> The number of hours the claimant could be expected to sit in an eight-hour workday is without restrictions.  The claimant is in no need of any assistive

---

[4] These cases are not binding precedent on any Circuit other than the Tenth Circuit.

> devices.
>
> The amount of weight the claimant can lift and carry frequently is 10 pounds and occasionally 20 pounds. This is not so much because of difficulty with her muscles, but the claimant has mostly fatty tissue rather than muscle mass.
>
> With regard to postural limitations, activities requiring flexion of the knee joint, such as bending and kneeling, as well as crouching, might provide difficulty for this claimant. There were handwritten notes in the claimant's medical records stating that x-rays of the left hip, knee, and foot from an earlier date were negative for any pathology. There was no actual radiology report. (sic) available to me. It would be a good idea to reexamine this issue with current films.
>
> There are no manipulative limitations in this claimant's ability to handle small objects, turn doorknobs, and write. As stated she can oppose her thumb to each of the fingers on the same hand without any problems.

(R. 199).

Carr also underwent a psychological evaluation on December 12, 2002. (R. 200-205). The examining psychologist diagnosed Carr as "[m]alingering psychological and memory problems." (R. 204). He further opined that "[t]here is no reason to believe that her psychological problems have interfered with her ability to function independently, or restricted her behavior, activities, or social functioning as she has a history of employment and maintaining friendships." (*Id.*).

Finally, the ALJ posed detailed hypothetical questions to the vocational expert describing the plaintiff's limitations and residual functional capacity. The vocational expert testified about the plaintiff's past relevant work.

> Based on what we have in the records we have several different jobs here in the relevant period and that would include a food server, which would be light,

7

> low level of semiskilled. A food service worker, light, unskilled, retail cashier, light, low level of semiskilled, short-order cook, light, low level of semiskilled, convenience store cashier, light, unskilled and she indicated that she sat for two hours. An order selector, packer, medium, unskilled, as she performed it, light . . .

(R. 500). In response the ALJ's hypothetical question detailing Carr's limitations and restrictions, the vocational expert testified that Carr could perform all of her past relevant work, as she performed the jobs, at a light level. (R. 501-03). The vocational expert clearly testified that Carr could perform her past relevant work as it is typically performed in the national economy *and* as she performed it. (R. 504). The vocational expert also testified that his description of Carr's past work as light work was consistent with the Dictionary of Occupational Titles. Consequently, the ALJ is entitled to rely on the testimony of the vocational expert to conclude that the plaintiff could perform her past relevant work.

The court concludes that the ALJ properly applied SSR 82-62, and made the requisite findings of fact. In determining that Carr could perform her past relevant work, the ALJ articulated the weight given to each physician's opinion, including the medical expert, and he articulated the reasons for weighting them in determining the plaintiff's ability to perform work. (R. 22). The ALJ also considered the vocational expert's testimony. (R. 22-23). The decision indicates that the ALJ made a thorough analysis of the testimony and considered all of the objective medical evidence in reaching his decision. Pursuant to the substantial evidence standard, this court's review is a limited one; the entire record must be scrutinized to determine the reasonableness of the ALJ's factual findings. *Lowery v. Sullivan*, 979 F.2d

835, 837 (11th Cir. 1992). Given this standard of review, the court finds that the ALJ's decision was supported by substantial evidence.

## V. Conclusion

The court has carefully and independently reviewed the record and concludes that the ALJ did not err as a matter of law, the decision of the Commissioner is supported by substantial evidence and is due to be affirmed. Thus, this case will be dismissed with prejudice.

A separate final judgment will be entered.

Done this 20th day of February, 2009.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE